**SO ORDERED.**

**SIGNED this 10th day of December, 2012.**



Dale L. Somers
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>**DICKINSON THEATRES, INC.,**<br><br>DEBTOR. | CASE NO. 12-22602<br>CHAPTER 11 |

### MEMORANDUM OPINION AND ORDER ON
### DEBTOR'S OBJECTION TO SPIRIT'S CLAIM FOR ATTORNEYS' FEES
### AS A PART OF THE CURE AMOUNT DUE PRIOR TO
### ASSUMPTION OF THE MASTER LEASE

When responding to Debtor's supplemental memorandum of law in support of confirmation, Spirit, among other things, contended that it would be entitled to payment of attorneys' fees and costs incurred from the date of filing to the effective date of the plan in order for Debtor to assume the Master Lease.[1] At the confirmation hearing held on November 28, 2012, Debtor disputed the amount of that claim. The Court gave the

---

[1] Dkt. 243, at p. 6-7.

parties a short period of time to brief the question. Those briefs have been filed,[2] and the Court is now ready to rule.

Spirit claims entitlement to fees under paragraph 34 of the Master Lease, which provides:

> **Attorneys' Fees.** In the event of any judicial or other adversarial proceeding concerning this Lease, to the extent permitted by Law, Lessor shall be entitled to recover all of its reasonable attorneys' fees and other Costs in addition to any other relief to which it may be entitled.

Spirit has not submitted a claim for a specific amount, since it continues to incur fees and costs as litigation regarding Debtor's attempt to assume the Master Lease in part has not concluded. But at the confirmation hearing, counsel for Spirit presented the Court and Debtor's counsel with a pro forma statement for fees and expenses incurred from October 2, 2012 through approximately November 27, 2012. Debtor objected to the reasonableness of the fees based upon two factors: (1) that there should be adjustments for items such as travel time, excessive time spent of particular matters, and inappropriate descriptions of time; and (2) that the hourly rates charged should be local Kansas City rates rather than the rates customarily charged by Spirit's counsel, who are attorneys practicing in the Chicago office of a nationwide firm. Although an opportunity was provided, Debtor did not offer any evidence to support its positions, resting instead upon arguments at the hearing and in its subsequently filed brief.

---

[2] Dkt. Nos. 268 and 284.

The Court declines to adjust specific time entries on the pro forma statement provided to the Court. Debtor has identified no entries which it asserts are unreasonable. The Court has carefully reviewed the entries and has found no reason to disallow any portion of the time recorded. Rather, Spirit's counsel appears to have represented their client efficiently and effectively.

Under the circumstances of this case, the Court also declines to order that compensation should be based upon Kansas City rather than Chicago hourly rates. Debtor's motion to reject in part the Spirit Master Lease was filed on the petition date, September 21, 2012. Debtor sought to have the motion heard on an emergency basis six days later. Debtor agreed to a one week extension. The hearing, at which Debtor presented witnesses and exhibits, was held on October 4, 2012, just 13 days after the Chapter 11 filing.

The Debtor's motion to reject the Master Lease in part presented an issue of critical importance to Spirit, a public company whose business involves sale/leaseback real estate financing. Spirit contends that a "determination that a central feature of the Spirit master lease [with Debtor] was unenforceable would have threatened key aspects of Spirit's contractual relationships with nearly all of its tenants. Spirit took this challenge very seriously and responded accordingly, just as the Debtor should have anticipated."[3]

---

[3] Dkt. 284 at 2.

By contending that Spirit's attorneys' fees claim should be based upon Kansas City rates rather than Chicago rates, Debtor is indirectly questioning Spirit's choice of counsel. Under the circumstances of this case, the Court finds this challenge unreasonable. As reflected in the procedural facts stated above, the Debtor was determined to have the partial rejection issue resolved on an expedited basis. Spirit had an ongoing relationship with its present counsel, located in Chicago, but no relationship with counsel located in the Kansas City market. Spirit did not have the luxury of time to evaluate, retain, and educate new counsel. Further, given the importance of the issue to Spirit, it should not be penalized for electing to utilize counsel familiar with its business practices, including the terms of its sale/leaseback transactions.

For the foregoing reasons, the Court rejects Debtor's objection to the amount of attorneys' fees and costs claimed by Spirit. The Court finds no reason to disallow any of the specific entries on the pro forma statement for services through approximately November 27, 2012. The Court also approves the rates used in the pro forma statement.

Debtor's brief regarding Spirit's attorneys' fees begins with a discussion of the classification of the Spirit's claim for fees, whether assuming confirmation of Debtor's proposed Chapter 11 Plan the claim would be a general unsecured claim or an administrative expense. Since by separate order the Court has denied confirmation of Debtor's proposed Chapter 11 Plan and the filing of a new amended plan is anticipated, any determination of this question at this time would be advisory only. If Spirit disagrees

4

with the treatment of its claim for fees in the new plan, the Court will be available to resolve any disputes in this regard.

**IT IS SO ORDERED.**

###

5

Case 12-22602    Doc# 287    Filed 12/10/12    Page 5 of 5